UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY MYRICK,

    Plaintiff,

v.                                                                Case No: 2:13-cv-662-FtM-38UAM

BRUCE KYLE,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court upon initial review of the file. Plaintiff Tony Myrick, who is proceeding pro se, initiated this action as a prisoner incarcerated at Taylor Correctional Institution, by filing a pleading entitled "Notice of Intent of Tort Action pursuant to 42 U.S.C. § 1983" on September 13, 2013. The Court construes the pleading to be a Complaint (Doc. #1, Complaint).[2] Plaintiff neither paid the requisite filing fee, nor filed a motion for leave to proceed *in forma pauperis*. See docket. Because the Court finds this action subject to dismissal, the Court will not await the filing of an application to proceed as a pauper.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Plaintiff styled the case for the United States District Court for the Northern District of Florida, but this Court is the proper venue because the sole Defendant is located within the territorial jurisdiction of this Court.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) applies to dismissals under §1915A and § 1915(e)(2)(b)(ii). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Nonetheless, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not

state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. 662, 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## II.

Plaintiff files this action pursuant to 42 U.S.C. § 1983 against Defendant Bruce Kyle, who is a circuit judge in the Twentieth Judicial Circuit, located in Lee County, Florida. See generally Complaint. It appears Plaintiff seeks to sue Judge Kyle based on orders the Judge entered in Plaintiff's criminal case regarding his violation of probation, or in his post-conviction appeals in case number 93-CF-000233.[3] See generally Complaint at 1 (stating "your ruling was not the law, Mr. Bruce Kyle."). Although not the model of clarity, it appears Plaintiff specifically takes issue with a July

---

[3] The court takes judicial notice of Plaintiff's criminal cases available through an online search at www.leeclerk.org.

19, 2013 order to show cause directing Plaintiff to show cause why he should not be barred from Judge Kyle's courtroom. Id. at 1, 4. Plaintiff generally alleges Judge Kyle has violated his oath of office by not upholding the Constitution. Id. at 1, 3, 6-7. The Complaint mostly contains conclusory allegations of constitutional violations with no supporting factual averments. See generally Id. As relief, Plaintiff seeks monetary damages. Id. at 8. Plaintiff also requests that Judge Kyle "fix" the alleged constitutional violations. Id. Thus, the Court construes the Complaint as seeking injunctive relief.

**III.**

The Court finds the Complaint is fatally flawed and subject to dismissal under § 1915A. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357) (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)); see also Mireles v. Waco, 502 U.S. 9, 12-13 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239 (citing Stump, 435 U.S. at 356).

According to the Complaint, Plaintiff seeks relief against Judge Kyle based on orders the Judge entered in Plaintiff's criminal case. Thus, it is clear that Plaintiff pursues this action against Defendant Kyle based on actions he took within the scope of his judicial authority, i.e. entering orders pertaining to Plaintiff's violation of probation, or his motions for post-conviction relief. Consequently, absolute judicial immunity precludes Plaintiff's civil action against Defendant Kyle. Furthermore, to the extent that Plaintiff seeks injunctive relief that would effectively interfere with the state court's

judicial process or overturn state court decisions, a federal court lacks jurisdiction under Younger v. Harris, 401 U.S. 37 (1971), or the Rooker-Feldman[3] doctrine, or both.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to § 1915A.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of September, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

---

[3]Rooker v. Fidelty Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).